UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMANTHA SUZ JACE, *on behalf of The Estate of Justin James White*,<br><br>Plaintiff,<br><br>v.<br><br>LEISUR CHATEAU REHABILITATION, *et al.*,<br><br>Defendants. | Civ. No. 25-1878 (MAS)(JBD)<br><br>**MEMORANDUM ORDER** |

Before the Court are several motions filed by *pro se* plaintiff Samantha Suz Jace, who brings suit on behalf of the Estate of Justin James White: (1) a motion to deem service effected upon defendant Joseph I. Rosenbaum at his registered business address, or alternatively, to authorize alternative service on Rosenbaum, [Dkt. 7]; (2) a motion to authorize alternative service on defendant Shimon Falik (incorrectly named Shimon Falk), [Dkt. 13]; and (3) a motion to compel the identification of defendant JR Family Trust 1 for purposes of service of process, [Dkt. 19]. For the reasons set forth below, the motions are denied.[1]

### *Service on Defendants Rosenbaum and Falik*

Jace engaged the Ocean County Sheriff's Office ("OCSO") to serve Rosenbaum at 1125 Ocean Avenue Lakewood, NJ 08701, which is the address listed

---

[1] The Court will address plaintiff's pending motion for default judgment, [Dkt. 20], defendant Capital One National Association's pending motion to dismiss, [Dkt. 23], and defendants Shimon Falk, Leisure Chateau Rehabilitation Center (incorrectly named as Leisure Chateau Acquisition, LLC), and Joseph Rosenbaum's pending motion to dismiss, [Dkt. 27], separately and in due course.

with the New Jersey Division of Revenue in connection with his role as registered agent and managing member of defendant Leisure Chateau Rehabilitation Center. [Dkt. 7] at 6, 10-13.  OCSO attempted to serve Rosenbaum at that address on September 11, 2025, September 16, 2025, September 18, 2025, and September 22, 2025.  [Dkt. 7] at 6.  Each effort proved unsuccessful, and on the fourth failed attempt, office staff informed OCSO that Rosenbaum "[wa]s rarely in the office."  *Id.*  Jace's motion to deem service effected upon Rosenbaum at his registered business address, or alternatively, to authorize alternative service, "including service by certified and regular mail to the registered office, posting at that address, or any other method the Court deems proper under Rule 4 and local practice," followed shortly thereafter, on October 2, 2025.  [Dkt. 7.]

As to defendant Falik, Jace attempted service through OCSO at 1115 Somerset Avenue Lakewood, New Jersey 08701, which is the address listed with the New Jersey Division of Revenue in connection with his role as registered agent and principal of an entity not involved in this litigation, on September 22, 2025, October 2, 2025, October 14, 2025, and October 16, 2025. [Dkts. 13, 13-1, 13-2, 13-3.]  On each occasion, "service was not accomplished due to nonresponse."  [Dkt. 13.]  After the fourth failed attempt at service, Jace filed her motion to authorize "any appropriate form of alternate service [on Falik] deemed sufficient under law, including but not limited to any manner permitted by Federal or New Jersey procedural rules."  *Id.*

With these two service-related motions pending, counsel entered an appearance on behalf of Rosenbaum and Falik, among other defendants. [Dkt. 26.] Counsel subsequently filed a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), which is still pending. [Dkt. 27.] In light of counsel's recent appearance on behalf of Rosenbaum and Falik and their pending motion to dismiss, Jace's motions are denied as moot.

***Identification and Service of JR Family Trust 1***

Amidst her attempts to serve Rosenbaum and Falik, Jace also attempted to locate and serve defendant JR Family Trust 1. [Dkt. 19.] As part of these efforts, Jace "search[ed] New Jersey Secretary of State business records, contact[ed] the Surrogate's Office, and conduct[ed] public database inquiries." *Id.*; *see also* [Dkt. 19-2]. However, Jace was not able to find any "active record identifying the legal status, trustee, or address" for the Trust for service and could not determine whether the Trust "(a) was []ever formally recorded with the State, (b) has been dissolved or terminated, or (c) exists under a different legal name or variant spelling." [Dkt. 19-2.] In light of this, Jace filed a motion to compel the identification of JR Family Trust 1 for purposes of service. [Dkt. 19.] In her motion, Jace requests that the Court "acknowledge" her efforts to locate the Trust recounted above and, "if appropriate, direct any party or public agency with relevant information to provide: (a) [w]hether JR Family Trust [1] currently exists; (b) [i]f so, the name and mailing address of its trustee or registered agent; and

3

(c) [i]f not, whether the trust has been dissolved or succeeded by another entity." [Dkt. 19-2.]

As an initial matter, Jace has taken several meaningful and good-faith steps to attempt to locate and serve JR Family Trust 1. Nonetheless, the Court declines to issue an open-ended order directing any party or public agency to assist with the identification of JR Family Trust 1. Insofar as Jace's motion is directed to nonparty public agencies and individuals, Jace's request for relief is outside the proper bounds of discovery.

While not unlimited, the rule permits broad and liberal discovery of any matter that is not privileged, that is relevant to a party's claim or defense, and that is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). However, the Court cannot compel an individual or entity who is not properly before the Court to respond to discovery requests. Indeed, while the Federal Rules of Civil Procedure empower parties to seek targeted discovery from specific nonparty individuals and entities via subpoenas, *see* Fed. R. Civ. P. 45, courts do not have inherent or rule-based authority to direct unidentified public entities or the public at large to come forward with discovery. *See* Fed. R. Civ. P. 26(b).

Moreover, to the extent Jace's requested relief is directed to defendants, it is not the appropriate recourse in this context, as Jace has not made a request for early discovery. *See, e.g., Times Three Clothier, LLC v. Rack's OffPrice*, Civ. No. 22-3013 (MAH), 2022 WL 3053946, at *2 (D.N.J. Aug. 3, 2022) ("[t]he Court has the discretion [ ] to grant leave to conduct discovery prior to the Rule 26(f) conference

under Rule 26(d)(1)" where the requesting party has established "good cause" to do so); *cf. Gaaays InSpaaace v. Does 1-10*, Civ. No. 20-12412 (JAD), 2020 WL 6042289, at *2-3 (D.N.J. Oct. 13, 2020) (allowing "limited" early discovery into defendant's identity for purposes of "nam[ing] the appropriate defendant" and "effectuat[ing] service" where plaintiff established "good cause" for the expedited discovery). Further, even if Jace had made an appropriate request for early discovery, her request for information is not sufficiently targeted, and it is not clear to the Court that Jace has done enough to ascertain the identity and address of JR Family Trust 1 to demonstrate "good cause" at this juncture. *See Milko v. Excalibur Mediation Grp.,* Civ. No. 20-1789, 2021 WL 1043041, at *1 (W.D. Pa. Feb. 22, 2021) (denying plaintiff's request to expedite discovery for the purpose of identifying the true legal name of the defendant where "she ha[d] not demonstrated that she exhausted all publicly available or other investigative means to obtain the information she require[d]."). For example, while she has "search[ed] New Jersey Secretary of State business records, contact[ed] the Surrogate's Office, and conduct[ed] public database inquiries," [Dkt. 19], it appears that her efforts have been limited to resources within the State of New Jersey, and there are still additional avenues that remain for her to reasonably explore and explain. Jace's motion to compel is therefore denied. If Jace continues to encounter issues with properly identifying and locating JR Family Trust 1, she may make an appropriate motion for relief at a later date.

***

For the reasons stated,

**IT IS** on this **30th** day of **December, 2025**, hereby

**ORDERED** that Jace's motion to deem service effected upon Rosenbaum at his registered business address, or alternatively, to authorize alternate service on Rosenbaum, [Dkt. 7], is **DENIED** as moot; and it is further

**ORDERED** that Jace's motion to authorize alternate service on Falik, [Dkt. 13], is **DENIED** as moot; and it is further

**ORDERED** that Jace's motion to compel the identification of JR Family Trust 1 for purposes of service, [Dkt. 19], is DENIED.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE