UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SAMANTHA SUZ JACE,

              Plaintiff,

              v.

LEISURE CHATEAU REHABILITATION,
*et al.*,

              Defendants.

Civil Action No. 25-1878 (MAS) (JBD)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff's response (Pl.'s Resp. to O.S.C. ("Pl.'s Resp."), ECF No. 34) to the Court's June 17, 2026, Order to Show Cause (O.S.C., ECF No. 31).[1] The Court's Order to Show Cause ordered Plaintiff to "show cause by e-filed submission as to why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) for a lack of subject matter jurisdiction." (*Id.* at 3.) The Court identified that the Complaint failed to specify a federal claim and did not adequately allege the citizenship of any named party to establish diversity. (*Id.* at 2.) The Court further observed that Plaintiff's own domicile required clarification, as the record before the Court indicated multiple states of residence for Plaintiff. (*See id.* at 2 n.1.)

As the Court explained, this information is necessary for the Court to determine if it has subject matter jurisdiction because "'[f]ederal courts are courts of limited jurisdiction' and they

---

[1] The Court notes that Plaintiff also made several filings subsequent to her response to the Order to Show Cause: (1) "Supplemental Clarification Regarding Federal Oversight Issues and Request for Leave to Amend" (ECF No. 32); (2) "Affidavit of Service as to JR FAMILY HOLDINGS I LLC" (ECF No. 33); (3) Resubmitted Supplemental Clarification (Pl.'s Supp. Clar., ECF No. 35); (4) Resubmitted Affidavit of Service (ECF No. 36) with an Exhibit (ECF No. 37); (5) "Resubmitted Plaintiff's Response to Order to Show Cause" (ECF No. 38); and (6) "Letter of clarification regarding domicile and estate documentation" (ECF No. 39).

'possess only that power authorized by Constitution and statute[.]'" (*Id.* at 1-2 (second alteration in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).) Moreover, the Court has an obligation to address subject matter jurisdiction *sua sponte. See Perry v. Gonzales*, 472 F. Supp. 2d 623, 626 (D.N.J. Feb. 1, 2007) ("[L]ack of subject matter jurisdiction may be raised by the Court *sua sponte* at any time." (citations omitted)); *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) (noting that a district court is compelled "to address the question of jurisdiction, even if the parties do not raise the issue"); Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction is proper in one of two ways: (1) by alleging a federal question on the face of the Complaint; or (2) through diversity of citizenship, wherein the plaintiff brings her causes of action against defendants of another state and seeks more than $75,000 in damages.[2] 28 U.S.C. §§ 1331, 1332. If the Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

In her timely response to the Court's Order to Show Cause, Plaintiff addresses the Court's concern about a lack of clarity regarding her domicile, as she represents that she "has continuously maintained her domicile in the State of New Jersey." (Pl.'s Resp. ¶ 5.) Plaintiff also states that she "believed that substantial federal issues were implicated by the allegations set forth in the Complaint" and further "believed that federal review was appropriate" because the allegations include "issues concerning federal oversight[.]" (*Id.* ¶¶ 3-4.) Plaintiff, however, did not otherwise

---

[2] Complete diversity requires that no plaintiff share citizenship with any defendant. *Zambelli Fireworks Mfg. Co. v. Wood.*, 592 F. 3d 412, 419 (3d Cir. 2010) (citation omitted).

provide information regarding either: (1) a specific federal cause of action[3]; or (2) the diversity of citizenship of all named defendants. (*See generally id.*)

Without more, the Court finds that Plaintiff's Complaint must be dismissed at this time for a lack of subject matter jurisdiction. Based on the foregoing,

IT IS on this 20th day of July, 2026, **ORDERED** as follows:

1.   Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

2.   Plaintiff is granted leave to file an amended complaint to address the deficiencies identified in this Memorandum Order as well as the Court's Order to Show Cause. Plaintiff has **forty-five (45) days** from the date of this Memorandum Order to file an amended complaint.

3.   The Clerk of Court shall close this matter.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[3] From what the Court can discern from Plaintiff's Complaint, Plaintiff attempts to plead certain state law-based claims for medical malpractice, wrongful death, and negligence. (*See* Compl. 3.) Moreover, Plaintiff appears to acknowledge that the facts necessary to establish federal jurisdiction are not presently before the Court. (Pl.'s Supp. Clar. 1 ("Plaintiff does not contend that all facts necessary to establish those issues [relating to whether a federal claim is present] are presently before the Court[.]").)